UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CRIMINAL ACTION NO. 06-20

UNITED STATES OF AMERICA, PLAINTIFF

v. **OPINION & ORDER**

JULIO BELEVIN-RAMALES, DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the parties' briefs regarding the government's proposed jury instructions for 8 U.S.C. § 1324(a)(1)(A)(iii), the statute which the Defendant is charged with violating.

The statute provides that, "[a]ny person who. . . knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection . . .such alien in any place" shall be punished.

The issue in this case is the proper definition of "harbor." The government proposes that the jury should be instructed that:

> The term 'harbor' means to afford shelter to, and includes any conduct tending to substantially facilitate an alien's remaining in the United States illegally. The government does not have to prove that the Defendant harbored the alien with the intent to assist the alien's attempt to evade or avoid detection by law enforcement.

(Rec. No. 29).

The Defendant argues that the jury should be instructed that the government must prove that Defendant acted with "intent to prevent detection of an 'illegal' alien." (Rec. No. 30 at 4). In support of his argument, the Defendant cites to *Susnjar v. United States*, 27 F.2d 223 (6th Cir. 1928).

In that case, the Sixth Circuit construed the term "harbor" in 8 U.S.C. § 144 to mean "to clandestinely shelter, succor and protect improperly admitted aliens. . . ." Section 144 was a predecessor to Section § 1324(a)(1)(A)(iii) and also made it unlawful to "conceal or harbor . . . any alien." *Susnjar*, 27 F.2d at 224.

In support of its instruction, the government cites to the Ninth Circuit's decision in *United States v. Acosta DeEvans*, 531 F.2d 428 (9th Cir. 1976) and the Second Circuit's decision in *United States v. Lopez*, 521 F.2d 437 (2nd Cir. 1975). In *Acosta DeEvans*, the Ninth Circuit rejected the defendant's argument that "harbor" should be construed to mean "to harbor so as to prevent detection by law enforcement agents and construed "harboring" to mean "afford shelter to." *Acosta De Evans*, 531 F.2d at 429-30. The Ninth Circuit noted that the statute had been amended after *Susnjar. Id*. at 430. This amendment came in response to *United States v. Evans*, 333 U.S. 483 (1948) in which the Supreme Court held that the statute, as written, did not provide penalties for concealing or harboring violations, but only for smuggling violations. *Acosta DeEvans*, 531 F.2d at 430. Thus, in 1952, Congress amended the statute to provide for penalties for concealing, harboring or shielding from detection. *Id*. at 430. In *Acosta DeEvans*, the Ninth Circuit questioned the continued vitality of *Susnjar* in light of the fact that it was decided before *Evans* and before the 1952 revision of the statute. *Id.*

More recently, however, in *United States v. You*, 382 F.3d 958 (9th Cir. 2004), the Ninth Circuit appears to hold that, where a defendant is charged with illegal "harboring" under Section 1324, the jury must be instructed that it must find "that the defendants intended to violate the law." *Id*. at 966. In that case, the defendants were charged with violating 8 U.S.C. § 1324(a)(1)(A)(iii) for harboring illegal aliens. *Id.* at 962. The Court further held that jury instructions requiring the jury

to find that the defendant acted with "the purpose of avoiding [the aliens'] detection by immigration authorities," were adequate instructions. *Id*. at 966.

In *United States v. Lopez*, 521 F.2d 437 (2nd Cir. 1975), the Second Circuit held that the term "harbor" encompasses "conduct tending substantially to facilitate an alien's 'remaining in the United States illegally,' provided, of course, the person charged has knowledge of the alien's unlawful status." *Id*. at 441. The Court further determined that the defendant's conduct fell within that definition because he sheltered a substantial number of illegal aliens, certain aliens entered the country with the addresses of the defendant's houses in hand, they traveled directly to his houses after illegal entry, he assisted the aliens in obtaining employment and transporting them to their jobs; and he arranged for sham marriage ceremonies of the aliens to United States citizens for the purpose of enabling them to claim citizenship. *Id*. The Court determined that these activities warranted the inference that the Defendant "engaged in providing shelter and other services in order the facilitate the continued unlawful presence of the aliens in the United States, which amounts to harboring within the meaning of the statute." *Id*.

In *United States v. Varkonyi*, 645 F.2d 453 (5th Cir. 1981), the Fifth Circuit agreed with *Lopez* that, in prohibiting the "harboring" of illegal aliens, the statute prohibits "any conduct which tends to substantially facilitate an alien's remaining in the United States illegally." *Id*. at 459. However, in that case, the Fifth Circuit also stated that "[i]mplicit in the wording 'harbor, shield, or conceal,' is the connotation that something is being hidden from detection. . ." *Id*. at 456. The Court further determined that the defendant's conduct fell within the definition of "harboring" because he knew of the alien's undocumented status; instructed the aliens on avoiding detection; provided the aliens with employment and lodging; forcibly interfered with INS agents to protect the aliens from

3

apprehension; and was partly responsible for the escape of one alien in INS custody. *Id*. at 459.

Thus, it is unclear whether the Ninth, Second or Fifth Circuits hold that the "government does not have to prove that the Defendant harbored the alien with the intent to assist the alien's attempt to evade or avoid detection by law enforcement" as provided in the government's proposed jury instructions. In contrast, in *Susjnar*, the Sixth Circuit clearly stated that the word "harbor" means to "clandestinely shelter, succor and protect improperly admitted aliens." 27 F.2d at 224. When an act is done "clandestinely" it is done secretly or in hiding. Webster's New World Dictionary 262 (1982). The Court recognizes that *Susjnar* is a 1928 case and was decided before the Supreme Court's decision in *Evans* or the 1952 amendments to the statute. Nevertheless, neither *Evans* nor the 1952 amendments contain any language which would warrant a holding that *Susjnar* has been abrogated or implicitly overruled. This Court is, therefore, not at liberty to ignore *Susjnar*. While the Sixth Circuit may well one day revisit its decision in *Susjnar*, this Court cannot perform that function.

Accordingly, any jury instructions in this case must define the term "harbor" in a manner consistent with *Susjnar* and should not state that "government does not have to prove that the Defendant harbored the alien with the intent to assist the alien's attempt to evade or avoid detection by law enforcement."

Dated this 18th day of October, 2006.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**